Filed 3/15/24  P. v. Allen CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>     v.<br><br>CHARLES E. ALLEN,<br><br>       Defendant and Appellant. | C098359<br><br>(Super. Ct. No. 22FE006983) |

In September 2020, defendant Charles E. Allen was convicted of making criminal threats and sentenced to state prison (the 2020 conviction is not at issue in this appeal). (Pen. Code, § 422.)[1]  In March 2022, while he was in prison on the 2020 conviction, he

---

[1] Undesignated statutory references are to the Penal Code.

exposed himself to a prison psychiatric technician.  Defendant completed his prison term for the 2020 conviction in November 2022.

In February 2023, a jury found defendant guilty of unlawful indecent exposure. (§ 314, subd. (1).)  The jury also found true two aggravating sentencing factors and that defendant had a prior strike.  (§§ 1170, 667, subds. (b)-(i), 1170.12; Cal. Rules of Court, rules 4.421(b)(3), 4.421(b)(5).)  Later that month, the trial court sentenced defendant to state prison for the middle term of two years, doubled due to the prior strike.

During the sentencing hearing, the court noted that, had defendant pleaded guilty to the current crime while he was still in prison for the 2020 conviction, he only would have been sentenced to one-third of the middle term doubled due to the strike, or 16 months.  But, defendant was now subject to the full term for the current crime.  The court opined the government was not at fault for any delay, given that it had filed charges against defendant less than two months after the exposure incident.

On appeal, defendant contends the trial court erred in sentencing defendant to a full term for the conviction instead of applying the one-third of the middle term rule under section 1170.1, subdivision (a).  We will affirm.

## DISCUSSION

Generally, when an individual is convicted of multiple felonies and a trial court imposes consecutive terms, the aggregate sentence is the sum of the longest term (the principal term) plus one-third of the middle term of the remaining counts (subordinate terms).  (§ 1170.1, subd. (a).)  This rule applies whether the defendant has been convicted of multiple felonies in the same proceeding or court, or in different proceedings or courts. (*Ibid.*)

However, the rule is different for in-custody felonies:  "In the case of any person convicted of one or more felonies committed while the person is confined in the state prison . . . and . . . the court imposes consecutive terms, the term of imprisonment for all

2

the convictions that the person is required to serve consecutively *shall commence from the time the person would otherwise have been released from prison*. If the new offenses are consecutive with each other, the principal and subordinate terms shall be calculated as provided in subdivision (a). This subdivision shall be applicable in cases of convictions of more than one offense in the same or different proceedings." (§ 1170.1, subd. (c), italics added.)

As courts have explained, " ' "The statutory scheme makes clear that such felonies, i.e., those felonies committed in prison, are exempt from the general sentencing scheme. [Citation.] A sentence under [section 1170.1,] subdivision (c) is longer than a sentence imposed under subdivision (a) because the in-prison offenses are fully consecutive to the sentence for the offense for which the defendant was in prison. Using sentencing jargon 'the in-prison offense is treated as a new principal term rather than as a subordinate term to the out-of-prison offense.' " ' " (*People v. Brantley* (2019) 43 Cal.App.5th 917, 922.)

We find no merit in defendant's contention that the trial court should have treated the sentence for the conviction at issue here as a subordinate term to his 2020 conviction (and therefore imposed a 16-month sentence instead of four years). As the People correctly note, defendant was ineligible because he had completed his prison term for his 2020 conviction when he was sentenced for the 2023 conviction. (*People v. Brantley, supra*, 43 Cal.App.5th at p. 922 ["a reading of the plain language of [section 1170.1,] subdivision (c) makes apparent that this provision does not apply once the prisoner has completed the sentence he or she was serving when the in-prison crime was committed"].) In addition, defendant was ineligible because his 2020 conviction was for an out-of-prison offense, while his 2023 conviction was for an in-prison offense. As such, his 2023 conviction must be treated as a new principal term rather than subordinate to the 2020 conviction. (§ 1170.1, subd. (c); *Brantley*, at p. 922.) The trial court did not err in sentencing defendant to four years for the 2023 conviction.

3

DISPOSITION

The judgment is affirmed.

_____

HULL, Acting P. J.

We concur:

_____

MAURO, J.

_____

RENNER, J.

4